EATON COUNTY DEPUTY SHERIFFS ASSOCIATION *v.*
EATON COUNTY SHERIFF

1. SHERIFFS AND CONSTABLES—DEPUTIES—RULES AND REGULATIONS.
   Statutory provision that each county sheriff may appoint one or more deputy sheriffs at his pleasure gives a sheriff the power to prescribe the rules and regulations whereby employment as a deputy may be continued (MCLA 51.70),

2. SHERIFFS AND CONSTABLES—WEAPONS—LICENSES—PEACE OFFICERS—RULES AND REGULATIONS—EXEMPTION.
   Statutory provision exempting peace officers from obtaining licenses to carry concealed weapons in no way limits the power inherent in the office of sheriff to promulgate rules and regulations pertaining to the employment of deputies which, in the sheriff's opinion, will improve the quality of law enforcement and increase the safety of the citizens in the community.

3. SHERIFFS AND CONSTABLES—DEPUTIES—WEAPONS—RULES AND REGULATIONS.
   A county sheriff has the power to prohibit deputies under the rank of corporal from carrying guns without special permission while the deputies are off duty (MCLA 51.70, 750.231).

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 3 November 3, 1971, at Grand Rapids. (Docket No. 11591.) Decided December 8, 1971.

Complaint by Eaton County Deputy Sheriffs Association against Elwin J. Smith, Eaton County

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Sheriffs, Police, and Constables § 154 *et seq.*
[2, 3] 47 Am Jur, Sheriffs, Police, and Constables § 15 *et seq.*

Sheriff, to restrain defendant from prohibiting certain deputies from carrying guns while off duty. Complaint dismissed with prejudice. Plaintiff appeals. Affirmed.

*Church, Wyble, Kritselis & Van Duzer,* for plaintiff.

*Bauer & Bauer,* for defendant.

Before: R. B. Burns, P. J., and Levin and T. M. Burns, JJ.

Per Curiam. On March 19, 1971, Elwin J. Smith, the Sheriff for Eaton County, issued the following order:

"From the above day on, no deputy under the rank of corporal will be allowed to wear a [*sic*] off-duty gun unless he is given special permission."

The deputies then brought suit to prevent the sheriff from prohibiting their carrying guns while off duty. The trial court found that the sheriff had the right to prohibit the carrying of guns by deputies while off duty and, therefore, dismissed plaintiff's complaint. From that judgment, plaintiff appeals as of right.

Plaintiff contends that as peace officers, they have a constitutional right to carry concealed weapons at all times. Const 1963, Art 1, § 6 provides:

"Every person has a right to keep and bear arms for the defense of himself and the state."

MCLA § 750.227 (Stat Ann. 1962 Rev § 28.424) limits the above provision:

"any person who shall carry a pistol concealed on or about his person, or, whether concealed or other-

wise, in any vehicle operated by or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony."

The above statute is a limitation by the Legislature on the constitutional right of the citizens of this state to keep and bear arms. This is within the state's police power and, therefore, in keeping with the power of the Legislature. See *People* v. *Brown* (1931), 253 Mich 537.

However, MCLA § 750.231 (Stat Ann 1971 Cum Supp § 28.428) specifically excepts peace officers from the operation of the above statute. Therefore, plaintiff contends that since they have been excepted from the statute prohibiting the carrying of concealed weapons, their constitutional right to keep and bear arms is unrestricted and cannot be limited by order of the sheriff.

We find no merit in plaintiff's reasoning. MCLA § 51.70 (Stat Ann 1971 Cum Supp § 5.863) provides that "each sheriff may appoint one or more deputy sheriffs at his pleasure, * * * ". In our opinion this gives the sheriff of each county the power to prescribe the rules and regulations where by employment as a deputy may be continued.

In the instant case, the sheriff has decided that deputies under the rank of corporal may not carry weapons while off duty. The sheriff has an obligation to both the citizens of the county in which he is elected as well as to his deputies. In the instant case, the sheriff, in carrying out those obligations, has decided that it would be best for all concerned if certain officers did not carry weapons. In our opinion this Court should not substitute its judgment for that of the sheriff in an area which is so peculiar to the job of law enforcement.

We find that the exemption of peace officers from obtaining licenses to carry concealed weapons in no way limits the power inherent in the office of sheriff to promulgate rules and regulations pertaining to the employment of deputies. MCLA § 750.231 (Stat Ann 1971 Cum Supp § 28.428) merely provides that §§ 224 and 227 do not apply to peace officers. Therefore, the officers may carry concealed weapons without being guilty of a felony.

However, in our opinion, MCLA § 750.231 in no way limits the power of the sheriff to make rules and regulations which, in his opinion, improve the quality of law enforcement and increase the safety of the citizens in the community. We therefore hold that the trial court was correct in dismissing the plaintiff's complaint.

Affirmed.